The opinion of the Court was delivered by
MuNRp, J.
That the plaintiff is entitled to but one satisfaction of the several judgments that were rendered against these parties, — both having been rendered for the same debt,— does not admit of a doubt, upon the well recognised principle, *426 that where there are distinct judgments 'against different defendants, for the same debt, all are extinguished, except as to costs, by the satisfaction of any one of them, without regard to the ultimate liabilities of the defendants to each other. See Davis vs. Barkley, 1 Bailey, 140; Noonan vs. Gray, lb. 437.
But it is manifest that the rule can only apply, where all the judgments are founded on the same cause of action, and are identical in amount; for were the rule otherwise, the most flagrant injustice might often result from its operation.
Suppose, for example, that at the time that Grill’s legal representatives set up the defence of usury, the law in relation to that subject had stood as it did prior to 1831-2, it is clear, that the entire debt of the plaintiff must have been forfeited;' or suppose they had resisted the plaintiff’s recovery on the ground of their intestate’s infancy at the time he became surety to the note; it is equally clear, that, upon either of these grounds, judgment must have been rendered in their favor. Now, where, it may be asked, would be the difference in principle, between the defendant’s right to have satisfaction in full entered upon the judgment against him, in either of these supposed cases, although not a dollar of the debt had been paid, and the position assumed in his present judgment.
But, to pursue the subject still further, suppose the administrators of Gill, had made no defence to the action against them, but had permitted the plaintiff to take judgment for the whole amount of his note, interest as well as principal, and that the defendant had set up the defence of usury, and judg. ment had been rendered against him for the principal of the note, without interest, and he had paid up the judgment in full; or suppose he had successfully resisted the plaintiff’s right to recover anything, and judgment had been rendered in his favor, it is obvious that in the first case put, all that the administrators of the surety could have claimed, would have been the right to have satisfaction pro tanto entered upon the judgment against them, and in the other case, their *427 only remedy would have been an action against tbe principal for re-imbursement.
But tbe cases of Jones vs. Kilgore, 2 Rich. Eq. 63, and Stinson vs. Brennan, adm’r of Crowder, Cheves, 15, are decisive of tbe question. In tbe first of these cases, it is said, that “where judgments on tbe same cause of action, are identical in amount, satisfaction of one, is satisfaction of all; where, however, they are not for tbe same amount, satisfaction of tbe one for tbe smallest amount, is only satisfaction pro tanto of tbe others.”
In tbe last case referred to, tbe plaintiff bad been tbe surety on a note of tbe defendant’s^ intestate. He was sued, and let judgment go by default. Tbe administrator of Crowder, tbe principal, bad also been sued at tbe same term of tbe Court, defended tbe case and got a decree in bis favor. Tbe defendant contended be was not liable to indemnify tbe plaintiff wbo might have prevented tbe recovery against him; but tbe Court said, “To tbe suggestion that tbe surety might bave resisted, and defeated tbe recovery, be may reply, that be was a stranger to tbe consideration of tbe note, and privy to nothing more than the terms of an absolute obligation which be bound himself to make good, if not absolutely fulfilled.”
In this case, tbe defendant is stripped of all pretext of ignorance of tbe consideration of tbe note; no one knew better than be did, tbe objection to which it was obnoxious, and if in tbe action against himself, be thought proper to decline setting up tbe defence of usury be cannot now be permitted to avail himself of it through tbe medium of bis surety; in other words, that be was unwilbng to means, be cannot now be permitted to do by indi
Tbe motion is dismissed.
O’Neall, Whitner, and Clover, JJ., concur^

Motion dismissed.